# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RICHARD BEST TRANSFER, INC., A California Corporation; and CHARLES LITTLEFIELD, an individual,** <br><br> **Plaintiff,** <br><br> v. <br><br> **Honorable Judge KIMBERLY A. GAAB of the California Superior Court, Fresno County, in her official capacity,** <br><br> **Defendants,** <br><br> **ARCHER DANIELS MIDLAND COMPANY,** <br><br> **Defendant-Intervenors.** | Case No. 1:19-CV-00020-LJO-SAB <br><br> **ORDER GRANTING ARCHER DANIEL MIDLAND COMPANY'S UNOPPOSED MOTION TO INTERVENE** <br><br> **(DOCS. 7 & 8)** |

Plaintiffs Richard Best Transfer, Inc. and Charles Littlefield (collectively, "RBT") bring this lawsuit pursuant to 42 U.S.C. § 1983, seeking, among other things, to permanently enjoin Fresno County Superior Court Judge Kimberly A. Gaab from implementing/enforcing a discovery order Judge Gaab entered in Fresno County Superior Court Case No. 17CECG01022 ("Underlying Action"). *See* ECF. No. 2. The Underlying Action was brought by RBT against Archer Daniels Midland Company ("ADM"), alleging various contract, tort, and fraud claims. *See id.* at ¶ 9. ADM now moves to intervene in the above-captioned matter as a matter of right pursuant to Federal Rule of Civil Procedure 24(a)(2). ECF Nos. 7 & 8. RBT does not oppose intervention. ECF No. 20.

To intervene as a matter of right under Rule 24(a)(2), an applicant must claim an interest, the

1

protection of which may, as a practical matter, be impaired or impeded if the lawsuit proceeds without the applicant. *Wilderness Soc. v. U.S. Forest Serv.*, 630 F.3d 1173, 1177 (9th Cir. 2011). The Ninth Circuit applies Rule 24(a) liberally, in favor of intervention, and requires a district court to "take all well-pleaded, non-conclusory allegations in the motion as true absent sham, frivolity or other objections." *S.W. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 820 (9th Cir. 2001). A four-part test is used to evaluate a motion for intervention of right:

> (1) the motion must be timely;
>
> (2) the applicant must claim a "significantly protectable" interest relating to the property or transaction which is the subject of the action;
>
> (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and
>
> (4) the applicant's interest must be inadequately represented by the parties to the action.

*Wilderness Soc.*, 630 F.3d at 1177 (internal quotation omitted).

Here, the Court finds all of the requirements for intervention as of right are satisfied. In assessing timeliness, courts in the Ninth Circuit must consider: (1) the current stage of the proceedings; (2) whether the existing parties would be prejudiced; and (3) the reason for any delay in moving to intervene. *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997). Here, ADM moved to intervene within the deadline for filling responsive pleadings in this case. The application is timely.

ADM also has significant protectable interests and they are situated such that disposition of this action may impair its ability to protect those interests. The discovery order that forms the basis for the challenge in this case was decided by Judge Gaab in favor of ADM and against RBT.

In assessing the adequacy of representation, the Ninth Circuit looks at three factors:

> (1) whether the existing parties will undoubtedly make all of the applicant's arguments;

| | |
|---|---|
| 1 |       (2) whether the existing parties are capable of and willing to make the applicant's arguments; and |
| 2 | |
| 3 |       (3) whether the applicant offers a necessary element to the proceedings that otherwise would be neglected. |

*S.W. Ctr.*, 268 F.3d at 823. "[T]he requirement of inadequacy of representation is satisfied if the applicant shows that representation of its interests may be inadequate. . . . [T]he burden of making this showing is minimal." *Sagebrush Rebellion Inc. v. Watt*, 713 F.2d 525, 528 (9th Cir. 1983). It is "well-settled precedent in this circuit" that "[w]here an applicant for intervention and an existing party have the same ultimate objective, a presumption of adequacy of representation arises." *League of United Latin Am. Citizens*, 131 F.3d at 1305; see also *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003). This presumption is triggered here because ADM and Judge Gaab share a similar objective of resisting RBT's request for injunctive relief. However, the presumption is rebuttable upon a showing that the applicant and the existing parties "do not have sufficiently congruent interests." *S.W. Ctr.*, 268 F.3d at 823. The Court agrees with ADM that it has unique concerns, including that RBT's lawsuit thwarts ADM's ability to timely conduct discovery needed in the Underlying Action. Because these are unique concerns, ADM has satisfied its "minimal" burden to demonstrate inadequacy of representation.

      Accordingly, ADM's motion to intervene is GRANTED, conditioned upon strictly limiting its participation solely to issues about which it can provide non-repetitive, unique information and/or arguments.

IT IS SO ORDERED.

    Dated:   **March 7, 2019**                      /s/ Lawrence J. O'Neill   
                                                    UNITED STATES CHIEF DISTRICT JUDGE